IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 26–cv–00206–GPG–MDB

IINTOO OMAHA VUKOTA, L.P.,

     Plaintiff,

v.

TOM VUKOTA a/k/a TOMISLAV VUKOTA,

     Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion for Leave to Serve Defendant Tom Vukota by Substitute Service.[1] (["Motion"], Doc. No. 11.) Defendant has not responded to the Motion or otherwise appeared in this case. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This is a breach of contract action arising out of a settlement agreement between Plaintiff and Defendant. (*See generally* Doc. No. 1.) To date, Plaintiff has not successfully served Defendant.

---

[1] On May 1, 2026, June 9, 2026, and June 30, 2026, Plaintiff submitted Notices regarding its ongoing efforts to serve Defendant. (Doc. Nos. 13; 16; 17.) The Court has considered these Notices in conjunction with the Motion.

In the Complaint, Plaintiff alleges Defendant is domiciled in Colorado and his last known address is 5360 N. Academy Blvd., Suite 250, Colorado Springs, CO 80918.[2] (Doc. No. 1 at ¶ 9.) However, throughout the life of this case, Plaintiff has contended that Defendant may currently reside in Miami, Florida or the Bahamas. (*See id.*; Doc. No. 6.)

Plaintiff says it made six attempts to serve Defendant in Miami between February 14–20, 2026, at 801 S. Miami Ave., Unit 5205, Miami, FL 33130. Each door knock received no answer. (Doc. No. 11 at ¶ 3; Doc. No. 11-1.) Plaintiff also says it twice attempted international service at an address associated with Plaintiff in the Bahamas under the Hague Convention. (Doc. No. 11. at ¶ 4.) Plaintiff says it has received word from the Bahamian Central Authority that its attempts failed.[3] (Doc. No. 16 at 2; Doc. No.17 at 2.)

Plaintiff directs this Court to another case in this District, *United States Securities and Exchange Commission v. Vukota Capital Management, LLC, VCM Global Asset Management Ltd., and Tomislav Vukota*.[4] (Doc. No. 11 at ¶ 5; *See* 1:25-cv-02821-GPG-KAS.) In that case, the United States Securities and Exchange Commission alleged that Defendant was the sole owner of Vukota Capital Management, LLC ("VCM"), which has a principal place of business in

---

[2] This assertion is somewhat curious. The address provided *appears* to be connected to a commercial building rather than a residence.

[3] On March 17, 2026, Defendant's soon-to-be ex-wife told Plaintiff's process server in the Bahamas that, though she had not seen Defendant since July 2025, she believed Defendant was in Canada. (Doc. No. 16 at 3.) Plaintiff does not provide any additional information about Defendant's possible whereabouts in Canada.

[4] The Court may take judicial notice of its own files and records, facts that are a matter of public record, and filings in related cases. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

Greenwood Village, Colorado. (1:25-cv-02821-GPG-KAS (Doc. No. 1 at ¶ 12).) Colorado

Secretary of State's records indicate VCM's principal office address is 1617 Happiness Drive,

Colorado Springs, Colorado 80909, and its registered agent, Sterling Arnett Ralston, can be

found at the same address. (Doc. No. 11 at ¶ 6; Doc. No. 11-2 (Secretary of State document).)

Plaintiff now requests leave to serve Defendant by certified mail to the 1617 Happiness Drive

address. (Doc. No. 11 at ¶ 11.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e), which governs service of individuals, provides that

a plaintiff may accomplish service of an individual by "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court

is located or where service is made."[5] Fed. R. Civ. P. 4(e)(1). Colorado Rule of Civil Procedure

4(f) authorizes substitute service. When the party attempting service "is unable to accomplish

service...the party may file a motion, supported by an affidavit of the person attempting service,

for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal
> service could not be obtained, (2) the identity of the person to whom the party
> wishes to deliver the process, and (3) the address, or last known address of the
> workplace and residence, if known, of the party upon whom service is to be
> effected.

---

[5] The Court notes that, though Defendant may not currently reside in the United States,
Plaintiff's substitute service request does not implicate Federal Rule of Civil Procedure 4(f), nor
the Hague Convention, because the method of substitute service requested by Plaintiff is entirely
domestic. *See* Fed. R. Civ. P. 4(f) (describing the rules for serving a defendant "at a place not
within any judicial district of the United States"); *Willhite v. Rodriguez-Cera*, 274 P.3d 1233,
1236–41 (Colo. 2012) (saying that the Hague Convention "is implicated when the laws of the
forum state require the transmittal of documents abroad in order to effectuate service" and
holding that Colorado's substitute service rule, Colo. R. Civ. P. 4(f), "does not require the
transmittal of documents for service abroad and therefore the Hague Service Convention is not
implicated").

Colo. R. Civ. P. 4(f). "If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: '(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.'" *John Hancock Life Ins. Co. (U.S.A.) v. Spearman*, 2025 WL 3294690, at *2 (D. Colo. Nov. 26, 2025) (quoting Colo. R. Civ. P. 4(f)). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Zayo Grp., LLC v. Veteran Commc'ns Grp., Inc.*, 2021 WL 5719855, at *1 (D. Colo. Feb. 18, 2021) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## ANALYSIS

On balance, the Court is satisfied that the prerequisites for substituted service are met. C.R.C.P. 4(f) does not demand that a plaintiff run down every conceivable lead; it requires only that due diligence has been used to attempt personal service and that further attempts to obtain service under section (e) would be to no avail. *See Minshall v. Johnston*, 417 P.3d 957, 961 (Colo. Ct. App. 2018) ("Due diligence does not require that the plaintiffs actually succeed in serving the defendant or that the plaintiffs exhaust every possible option in attempting to do so."). Plaintiff has demonstrated due diligence in its attempts to serve Defendant in Miami and in the Bahamas. *See Spearman*, 2025 WL 3294690, at *2. These attempts are documented by the

4

Miami process server and the Bahamian authorities in the exhibits attached to the Motion and supporting Notices. (*See* Doc. No. 11-1; 13-1; 16-2; 16-3.) Additionally, it appears Defendant is frequently moving and will be difficult to personally serve. Moreover, Plaintiff has presented court filings and Colorado Secretary of State documents that suggest Defendant will adequately receive notice of service upon VCM, which appears to be wholly owned by Defendant. *See Mullane*, 339 U.S. at 314 (notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the action); *see also Minshall*, 417 P.3d at 962 (saying that "if the defendant were an active participant in the affairs of the corporation, service on the corporation's registered agent might be 'reasonably calculated to give actual notice' to the defendant").

There is some indication that Defendant may be in Canada, but this is entirely unconfirmed, *see supra* at n. 3, and in light of the multiple documented and unsuccessful efforts in Miami and the Bahamas, the mere possibility that Defendant is in Canada, does not tip the scales against substitute service in the United States.

The manner of service Plaintiff proposes, however, cannot be approved. Plaintiff seeks to serve Defendant by certified mail to VCM's principal and registered-agent address. But service by mail is governed by C.R.C.P. 4(g), and that subsection permits mail service only in actions affecting specific property or status or other proceedings in rem. This is an *in personam* action, making Rule 4(g) is unavailable. Substituted service under Rule 4(f) operates differently: upon the requisite findings, the court must authorize delivery to be made to the person deemed appropriate for service and separately order the process to be mailed to the party's address on or before the date of delivery. The mailing is a mandatory supplement, not the means of service itself; under the rule, service is complete on the date of delivery to the person deemed

appropriate for service. Certified mail alone therefore does not effect substituted service under Rule 4(f).

Accordingly, the Court will require Plaintiff to personally serve VCM pursuant to Colo. R. Civ. P. 4(e)(4),[6] and send mailings to Defendant's Miami address and the address Plaintiff asserts is his last known address in Colorado.

### CONCLUSION

For the foregoing reasons, it is

**ORDERED** Plaintiff's Motion for Leave to Serve Defendant Tom Vukota by Substitute Service (Doc. No. 11) is **GRANTED in part** and **DENIED in part**. The Court will deem Defendant successfully served upon a showing that Plaintiff has personally served Vukota Capital Management, LLC, and has sent certified mailings to Defendant at 801 S. Miami Ave., Unit 5205, Miami, FL 33130 and 5360 N. Academy Blvd., Suite 250, Colorado Springs, CO 80918. Plaintiff's service packets must include the Summons, Complaint, and this Order. Plaintiff's deadline to effectuate service is **August 1, 2026**. It is further

**ORDERED** that the deadline to file a proposed scheduling order is **vacated** at this time.

Dated this 30th day of June, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[6] Under Rule 4(e)(4), a limited liability company may be served by delivering the relevant documents to the entity's registered agent or by serving one of the LLC's "managers" or members, or their "secretary or assistant."